IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 11-00222 HG-01 |
| Plaintiff, | ) | |
| vs. | ) | |
| TRAVIS KAINOA RODRIGUES, | ) | |
| Defendant. | ) | |

**ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE UNDER THE FIRST STEP ACT (COMPASSIONATE RELEASE) (ECF No. 50)**

Defendant is currently incarcerated at the Beaumont Medium Federal Correctional Institution in Texas with a projected release date of July 20, 2023.

Defendant has filed a Motion seeking immediate release pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A). Defendant seeks release due to the COVID-19 pandemic.

The Court elects to decide the matter without a hearing pursuant to District of Hawaii Local Rule 7.1(c).

Defendant's EMERGENCY MOTION TO REDUCE SENTENCE UNDER THE FIRST STEP ACT (COMPASSIONATE RELEASE) (ECF No. 50) is **DENIED**.

**STANDARD OF REVIEW**

A judgment of conviction that includes a sentence of imprisonment constitutes a final judgment and may not be modified by a district court except in limited circumstances. Dillon v.

1

United States, 560 U.S. 817, 824-25 (2010).

On December 21, 2018, Congress passed the First Step Act of 2018. PL 115-391, December 21, 2018, 132 Stat. 5194. The First Step Act amended 18 U.S.C. § 3582(c), the statute governing the limited circumstances under which the trial court may evaluate a motion for reduction of sentence.

The First Step Act altered the statute in Section 3582(c)(1)(A) to allow a defendant to request the trial court reduce his sentence through a motion for compassionate release, but the statute requires the defendant to first present his request for release to the Bureau of Prisons. 18 U.S.C. § 3582(c)(1)(A).

18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, provides, in pertinent part:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment...after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>     (i) extraordinary and compelling reasons warrant such a reduction;
>
> ...
>
>     and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

# SECTION 3582(c)(1)(A) AS AMENDED BY THE FIRST STEP ACT

## A. Mandatory Procedural Requirement

The statute allows the Court to consider a defendant's request for compassionate release only after the defendant has first presented his request to the Bureau of Prisons ("BOP"). 18 U.S.C. § 3582(c)(1)(A); United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).

The Parties agree that Defendant has complied with the procedural requirement of 18 U.S.C. § 3582(c)(1)(A) and that the Court may consider the motion for compassionate release.

## B. Merits Of Defendant's Request For Compassionate Release

If a defendant has complied with the mandatory procedural requirement set forth in 18 U.S.C. § 3582(c)(1)(A), the District Court may reduce a term of imprisonment, including the grant of compassionate release, upon finding "extraordinary and compelling reasons".

The United States Sentencing Guidelines § 1B1.13 provides a basis to consider compassionate release:

> [T]he court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
>
>     (1)(A)    Extraordinary and compelling reasons warrant the reduction; or

- (B) The defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned;
- (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
- (3) The reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13.

If Defendant is not 70 years of age and was not sentenced pursuant to 18 U.S.C. § 3559(c), Defendant is only entitled to relief if he demonstrates:

- (1) extraordinary and compelling reasons warrant a sentence reduction;
- (2) he is not a danger to the safety of others or the community; and,
- (3) any requested reduction is consistent with the policy statement.

United States v. Gill, 2020 WL 2084810, *2 (E.D. Cal. Apr. 30, 2020).

### C. Extraordinary And Compelling Reasons

The Sentencing Commission's Commentary Application Notes for Guideline § 1B1.13 provide a definition of extraordinary and compelling reasons. "The Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are

4

not binding." United States v. Aruda, 993 F.3d 797, 802 (9th Cir. 2021).

Sentencing Guideline Section 1B1.13's Commentary Application Notes explain that extraordinary and compelling reasons exist when:

- (A) **Medical Condition of the Defendant.**–

    - (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

    - (ii) The defendant is—

        - (I) suffering from a serious physical or medical condition,

        - (II) suffering from a serious functional or cognitive impairment, or

        - (III) experiencing deteriorating physical or mental health because of the aging process,

        that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

- (B) **Age of the Defendant.**–The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

- (C) **Family Circumstances.**–
    - (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

        - (ii) The incapacitation of the defendant's spouse or

registered partner when the defendant would be the
only available caregiver for the spouse or
registered partner.

(D) **Other Reasons.**—As determined by the Director of the
Bureau of Prisons, there exists in the defendant's case
an extraordinary and compelling reason other than, or
in combination with, the reasons described in
subdivisions (A) through (C).

U.S.S.G. § 1B1.13 cmt. n.1.

The Court has the discretion to determine whether other extraordinary and compelling reasons exist when ruling on motions for compassionate release. United States v. Brooker, 976 F.3d 228, 236-37 (2d Cir. 2020); United States v. Hernandez, 2020 WL 3453839, at *4 (D. Haw. June 24, 2020).

## PROCEDURAL HISTORY

On March 9, 2011, the grand jury returned an Indictment charging Defendant Rodrigues with the following:

**Count I**: Intent to Distribute Five (5) Grams or More of Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B);

**Count II**: Intent to Distribute Fifty (50) Grams or More of Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A); and,

**Count III**: Intent to Distribute Approximately 338 Grams of Cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(c).

(Indictment, ECF No. 1).

On March 9, 2011, the Magistrate Judge issued an arrest warrant and Defendant Rodrigues was arrested pursuant to the

warrant on March 11, 2011.  (ECF No. 3).  Defendant was detained without bail.  (ECF No. 5).

On September 28, 2011, Defendant pled guilty to all three counts in the Indictment.  (ECF Nos. 27, 29, 31).

On January 31, 2012, Defendant filed a Motion for Variance. (ECF No. 37).

On April 23, 2012, the Court held a sentencing hearing. (ECF No. 44).

At sentencing, the guideline range was 210-262 months as to Counts 1 and 2, and 210-240 months as to Count 3.  (ECF No. 48).

The Court granted Defendant's Motion for Variance.  (ECF No. 44).  Defendant was sentenced to 168 months imprisonment as to each of Counts 1, 2, and 3, with all terms to run concurrently, followed by a term of supervised release of 5 years as Counts 1 and 2, and 3 years as to Count 3, with all terms of supervised release to run concurrently.  (ECF No. 44).

On February 11, 2021, Defendant Rodrigues, proceeding pro se, filed a MOTION TO REDUCE SENTENCE UNDER THE FIRST STEP ACT (COMPASSIONATE RELEASE).  (ECF No. 50).  In Defendant's list of exhibits filed in support of his Motion, Defendant indicated that he "requested for up-dated Medical Records" and would "forward to the Court when he received them."  (ECF No. 51-1).

On March 16, 2021, the Court ordered the Government to file its Response to Defendant's Motion by March 29, 2021.  Defendant was given until April 12, 2021 to file his Reply.  (ECF No. 52).

On March 29, 2021, the Government filed its Opposition. (ECF No. 53).

On April 1, 2021, the Court indicated it had not received the medical records and directed Defendant Rodrigues to attach the medical records to his Reply. (ECF No. 54).

On April 14, 2021, the Government filed a NOTICE OF NEW NINTH CIRCUIT AUTHORITY REGARDING 18 U.S.C. § 3582(c)(1)(A) AND DEFENDANT'S COMPASSION RELEASE MOTION. (ECF No. 55).

On May 17, 2021, Defendant Rodrigues filed a MOTION FOR EXTENSION OF TIME. (ECF No. 56).

On May 18, 2021, the Court granted Defendant's Motion for Extension of Time. (ECF No. 57). Defendant was given until June 11, 2021 to file his Reply and medical records.

Despite being afforded the opportunity of an extension, as of July 7, 2021, Defendant has not filed his Reply or provided his medical records.

The Court elects to decide the matter without a hearing pursuant to District of Hawaii Local Rule 7.1(c).

## ANALYSIS

Defendant Rodrigues is 35 years old. Defendant is currently incarcerated at the Beaumont Medium Federal Correctional Institution in Texas. Defendant bears the burden to demonstrate that extraordinary and compelling reasons exist that warrant

immediate release from incarceration.  <u>United States v. Greenhut</u>, 2020 WL 509385, *1 (C.D. Cal. Jan. 31, 2020).

A defendant's general concerns about potential exposure to COVID-19 while incarcerated do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence. <u>United States v. Eberhart</u>, 448 F.Supp.3d 1086, 1089-90 (N.D. Cal. Mar. 25, 2020); <u>United States v. Carver</u>,   F.Supp.3d   , 2020 WL 1892340, *3 (E.D. Wash. Apr. 8, 2020).

The Centers for Disease Control ("CDC") has identified certain categories of individuals that are at a higher risk for severe illness due to COVID-19.  The list includes people with conditions such as: chronic lung disease, moderate or serious asthma, serious heart conditions, obesity, chronic kidney disease requiring dialysis, liver disease, diabetes, or individuals who are immunocompromised.  <u>See</u> <u>United States v. Jones</u>, Crim. No. 13-00860 LEK-03, 2020 WL 2331678, *5 (D. Haw. May 11, 2020).

**I. Medical Condition**

   **A. Current Centers For Disease Control Standards And Defendant's Medical Concerns**

Defendant Rodrigues states that he has asthma.  He also states he has a "serious physical ailment condition" stemming from a car accident in 2005 leading to residual pain.  (Def.'s Mot. at p. 7, ECF No. 50).

The Centers for Disease and Control ("CDC") identified moderate-to-severe asthma as a medical condition that might place

9

an individual at increased risk for complications from COVID-19. (https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC AA refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus% 2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html, last visited 7/7/21).

### B.  Defendant Has Contracted And Recovered From COVID-19

Defendant Rodrigues states that on January 14, 2021, he tested positive for COVID-19.  (Def.'s Mot. at p. 7, ECF No. 50). According to the two pages of medical record provided by the Government, Defendant did not suffer any severe symptoms and had no coughing, shortness of breath, fatigue, body aches, sore throat, diarrhea, headache, loss of taste or smell, nausea, or vomiting.  (Attached as Ex. 1 to Gov.t's Opp. at p. 2, ECF No. 53-1).

The Bureau of Prison ("BOP") determined that Defendant Rodrigues was not severely immunocompromised and did not have a severe illness requiring hospitalization from contracting COVID-19.  (Id. at p.1).  As of February 1, 2021, Defendant was released from isolation. (Id.)

It is not yet clear what the possibility of COVID-19 re-infection would entail, but the fact that Defendant has already contracted COVID-19 and recovered counsels against a finding of extraordinary and compelling circumstances to warrant granting immediate release.  United States v. Ofa, Crim. No.

17-00145 JMS-01, 2020 WL 4496497, *2-*3 (D. Haw. Aug. 4, 2020). Numerous courts have concluded that the dangers associated with COVID-19 are not a ground for relief for someone who already had the disease and recovered. United States v. Molley, Crim. No. 15-0254 JCC, 2020 WL 3498482, *2 (W.D. Wash. June 29, 2020); United States v. Zubkov, 460 F. Supp. 3d 450, 455 (S.D.N.Y. May 18, 2020).

Courts have also determined that contracting and recovering from COVID-19 does not provide a basis for reconsideration of an order denying compassionate release. United States v. Rodrigues, 16-cr-00529 DKW-01, 2020 WL 5634310, *2-*3 (D. Haw. Sept. 21, 2020).

### C. Medical Conclusion

The CDC recognizes that the risk of developing severe illness from COVID-19 increases with age. Defendant is 35 years old. Those 65 years of age or older are at increased risk and those 85 years and older are at the greatest risk of developing severe illness from COVID-19. (https://www.cdc.gov/coronavirus2019-ncov/need-extra-precautions/older-adults.html, last visited 7/7/21). Defendant's age does not place him in a category of increased risk of complications due to COVID-19.

Despite the Court's explicit direction, Defendant has not provided the Court with any medical records to support his claim that he has medical conditions that would place him at risk of

developing severe illness from COVID-19. Defendant instead cites to his Presentence Report from 2012, which indicated that he suffered from "occasional asthma" at the time. (Presentence Report ¶ 61, ECF No. 46). Defendant has not shown that he has a current diagnosis of moderate to severe asthma or any other serious medical condition that would support a reduction in his sentence.

Defendant also claims he has pain from a car accident in 2005. The 2012 Presentence Report indicates that Defendant Rodrigues "suffer[ed] from occasional pain when lifting objects, but is otherwise symptom free." (Id.) Occasional pain when lifting objects is not a medical condition that would support Defendant's Motion for Compassionate Release.

Defendant has not established that he has any medical conditions that place him at risk of developing severe illness if he were to contract COVID-19, much less shown that any such conditions could not be managed in prison. See, e.g., United States v. Kazanowski, Crim. No. 15-00459 DKW-05, 2020 WL 3578310, *9 (D. Haw. July 1, 2020).

**II. Section 3553(a) Factors And Defendant's History and Characteristics**

    **A.   History and Characteristics**

In order to be eligible for compassionate release, the Defendant must establish that release is appropriate pursuant to

12

the factors set forth in 18 U.S.C. § 3553(a) and that he is not a danger to the safety of others or the community. 18 U.S.C. § 3582(c)(1)(A).

The Section 3553(a) factors include the nature and circumstances of the offense, the history and characteristics of the defendant, and the need for the sentence imposed.

Defendant Rodrigues is currently serving a term of imprisonment for trafficking large quantities of methamphetamine and cocaine. The federal conviction arose from two investigations over the course of three years that were conducted by the Maui Police Department and the State of Hawaii.

In the first investigation, on March 12, 2008, a confidential informant placed a call and purchased crystal methamphetamine from Defendant Rodrigues. (Presentence Report ¶ 9, ECF No. 46). During the transaction, Defendant Rodrigues informed the confidential informant that he had an additional two kilograms of methamphetamine available. (Id.)

In October 2010, the State investigated Defendant Rodrigues along with two other individuals in their distribution of cocaine and crystal methamphetamine over the course of three years. (Id. ¶¶ 11-14). The State executed a search warrant and found large quantities of drugs along with two assault rifles. (Id. ¶ 11). A search of Defendant's residence discovered a container concealed in a hole in the ground containing a total of 338.95 grams of cocaine and 2,092.5 grams of crystal methamphetamine, along with 22.27 grams of marijuana. (Id. ¶ 19).

In total, Defendant Rodrigues was held responsible for 2,089.3 grams of methamphetamine and 339.2 grams of cocaine. (Id. ¶ 30).

At the time the sentencing in the federal case here, Defendant Rodrigues was in Criminal History Category III with a Total Offense Level of 35. (Id. ¶ 49).

Defendant's criminal history spans his entire adult life. At the time of his arrest for the conviction in his federal case, Defendant Rodrigues was under state supervision for a state court case of Assault in the Second Degree of a Youth Correctional Officer when he was 18 years old. (Id. ¶¶ 44, 48). Defendant Rodrigues threw three chairs at the officer and repeatedly struck the officer. (Id.)

Defendant Rodrigues was also convicted two additional times in Hawaii state court for Promoting Detrimental Drugs in the Third Degree and for Driving Under The Influence. (Id. ¶¶ 45, 46).

### B. Portion Of Sentence Served

A review of the caselaw demonstrates that the portion of the sentence already served by the defendant is a necessary factor for the Court to consider in evaluating compassionate release. United States v. Connell,   F.Supp.3d.   , 2020 WL 2315858, at *6 (N.D. Cal. May 8, 2020). The amount of time served of the originally imposed sentence must be considered pursuant to Section 3553(a) to ensure that the amount of time adequately

reflects the seriousness of the offense, deters criminal conduct, and protects the public. United States v. Barber, 466 F. Supp. 3d 1127 (D. Ore. 2020).

At sentencing, the guideline range was 210-262 months as to Counts 1 and 2, and 210-240 months as to Count 3. Due to his age of 25 years old at the time of his sentencing, the Court varied downward. Defendant received a 168-month sentence for each of the three counts, to be served concurrently. Defendant's projected release date is July 20, 2023. At the date of this Order, Defendant has approximately two years remaining before his projected release date.

### C. Appropriateness of Immediate Release

Defendant is currently serving a sentence for distributing large quantities of methamphetamine and cocaine in the community. Defendant enlisted others to traffic drugs into the community, and their conspiracy involved firearms.

Defendant has a long criminal history that involves assaulting a correctional officer. Defendant also has convictions for promoting detrimental drugs and for driving under the influence. The record also demonstrates that Defendant has been fined for disciplinary infractions while incarcerated.

Defendant's criminal history and infractions during his incarceration establish that he is a danger to the community.

15

**III. Summary Of Medical Conclusion And Section 3553(a) Factors**

Defendant has not established a basis for compassionate release. Defendant has provided no medical records in support of his Motion despite the Court's direction. The two pages of medical records filed by the Government do not demonstrate that Defendant is suffering from a terminal health condition or a condition that substantially interferes with his ability or provide self-care while incarcerated. Defendant has contracted and recovered from COVID-19.

Defendant has more than two years left of his 168-month sentence. Defendant is serving a sentence for trafficking large quantities of methamphetamine and cocaine. Defendant's criminal record demonstrates that he poses a danger to the community. Defendant's immediate release would not adequately reflect the seriousness of the offense, would not properly deter similar criminal conduct, and would not protect the public. The factors in Section 3553(a) do not support the immediate release of the Defendant.

//
//
//
//
//
//
//

**CONCLUSION**

Defendant's Motion To Reduce Sentence Under The First Step Act (ECF No. 50) is **DENIED**.

IT IS SO ORDERED.

Dated: July 7, 2021, Honolulu, Hawaii.



Helen Gillmor
United States District Judge